UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JAMES C. FRANKLIN, ET AL        :        DOCKET NO. 14-cv-3286

VERSUS                           :        JUDGE MINALDI

UNITED STATES OF AMERICA         :        MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a Motion to Limit Ad Damnum Clause filed by the United States of America ("U.S."). Doc. 8. The motion is unopposed. For the following reasons, the motion is GRANTED.

### I.
#### BACKGROUND

Plaintiffs, James Franklin and his wife Frances Franklin, on their own behalf and on behalf of their three minor children, filed suit on November 17, 2014 against the U.S. under the Federal Tort Claims Act. Doc. 1. Plaintiffs claim to have suffered damages arising out of an automobile accident involving military personnel that occurred on Fort Polk, Louisiana. *Id.* In their complaint they seek an award for property damage, medical expenses, general damages, and loss of consortium. *Id.* The prayer for relief, paragraph 25 of the complaint, reads in part as follows:

> For these reasons, plaintiff requests and is entitled to judgment against the defendants as follows:
>
> Against the United States of America
>
> a.    For actual damages consisting of the following:
>       (1)    USD $10,000.00 for the property damage claims;

      (2) USD $500,000.00 for medical expenses and general damages;

   b. For the consortium claims of the following:
     (1) USD $10,000.00 for Frances Franklin;
     (2) USD $5,000.00 for minor child, Breanna Franklin;
     (3) USD $5,000.00 for minor child, Makaila Franklin;
     (4) USD $5,000.00 for minor child, James C. Franklin, II

Doc. 1, p. 7.

  Prior to filing suit in this court, in order to initiate the administrative proceeding and in accordance with the Federal Tort Claims Act, plaintiffs James and Frances Franklin presented their claims on a Standard Form 95 ("SF-95") to the Claims Office of the Army Staff Judge Advocate at Fort Polk, Louisiana. On his SF-95 James Franklin described his various injuries and asked for the sum of $500,000.00 in damages for his personal injuries. He did not assert any claim for loss of consortium on behalf of any of his minor children. Doc. 8, att. 2, p. 3. On her SF-95 Frances Franklin made a claim for property damages and rental fees totaling $6,504.83. She did not assert a claim for personal injuries on her behalf or a loss of consortium claim for any of her minor children. Doc. 8, att. 2, p. 5. Neither James nor Frances Franklin amended their SF-95 at any time prior to the final agency action. Doc. 8, att. 2, p. 1(affidavit of Craig N. Jenkins, Chief, Claims Division, Fort Polk, Louisiana).

  In its motion before the court the U.S. argues that plaintiffs' *ad damnum* clause in their complaint should be limited to the quantum of damages demanded in their administrative claim. As previously stated, plaintiffs have not opposed this motion.

## II.
### LAW AND ANALYSIS

  To establish jurisdiction under the Federal Tort Claims Act a plaintiff must first exhaust his administrative remedies by notifying the appropriate agency in writing within two years after the action accrues. 28 U.S.C. § 2401(b); *Martinez v. United States,* 728 F.2d 694, 695 (5th Cir.

1984).  The notice must state a "claim for money damages in a **sum certain** for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident … ."  28 C.F.R. § 14.2(a)(emphasis added).  Under 28 U.S.C. § 2675(b), when suit is filed in federal court, a plaintiff will be precluded from recovering damages beyond the sum certain unless he or she can meet one of the two exceptions outlined in the statute.  Section 2675(b) states:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

The plaintiff bears the burden of showing that the increase in the amount of damages above the amount requested in the administrative proceeding meets one of the exceptions outlined above. *D'Antoni v. Federal Emergency Management Agency,* 2008 WL 417701 *3 (E.D.La. Feb. 13, 2008) *citing Lebron v. United States,* 279 F.3d 321, 330 (5th Cir.2002).  Since plaintiffs have not filed any memorandum in opposition this motion no evidence has been submitted that would show that there is newly discovered evidence or intervening facts within the meaning of § 2675(b). either of these exceptions are applicable.  We thus find that plaintiffs have not met their burden of showing that their claims exceeds the amount demanded in the administrative claim and we find that the defendant's motion should be granted.

Accordingly,

**IT IS ORDERED** that the Motion to Limit Ad Damnum Clause filed by the U.S. [doc. 8] is **GRANTED** and plaintiffs' *ad damnum* clause is hereby limited to the amount requested in the SF-95's filed in the administrative proceeding, that is, a total of $506,504.83.

THUS DONE this 28th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE